ANTONIO VÁZQUEZ BRUNO ET UX., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1058.    Argued December 9, 1935.—Decided December 18, 1935.

R. *Díaz Collazo* for petitioners.  T. *Torres Pérez, Assistant Attorney General*, for respondent.  E. H. F. *Dottin* for the stenographer Vera.

Mr. Justice Aldrey delivered the opinion of the court.

Three suits for damages were brought against Antonio Vázquez Bruno and his wife before the *District Court of San Juan: one by María Concepción Delgado, widow of Campillo, another by the same plaintiff for herself and on behalf of her minor daughters, María de la Concepción and Aida Campillo Delgado, and the third by Aida Campillo Delgado, represented by her mother María Concepción Delgado, widow of Campillo. These three suits are now before us by virtue of a writ of certiorari issued at the instance of the defendants.

The grounds alleged in the petition for said writ were that after a judgment for the plaintiffs had been entered in each of said suits, the defendants appealed, and the court, on motion of the appellants, ordered the stenographer to prepare the transcript of the evidence for the purpose of the appeals; that thereafter the court, at the instance of the stenographer, ordered the appellants to deposit in the clerk's office the sum of $80 to answer for the payment of the fees charged by the stenographer for the preparation of the transcripts of the evidence requested; that on September 20, 1935, the defendants presented to the district court a verified

210

motion praying for the determination of the approximate amount of the stenographer's fees for the transcript of the evidence, and for leave to file a bond to secure the payment of said fees, which motion was denied by the district court.

The petitioners did not appear on the day set for the hearing of this certiorari proceeding, nor have they presented the memorandum of authorities which they promised to file and for which they were granted a term. Hence, all that we have before us is the petition for certiorari and the record of the district court.

Disregarding any defect that the petition might have, we must state that according to section 5 of the Act of 1904, providing for the appointment of stenographic reporters of district courts (Comp. Stat. 1911, section 1281), it is the duty of each reporter to furnish, on the application of any party to a suit in which stenographic notes have been taken, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same; and Rule 10 of the District Court of San Juan provides that it shall be the duty of the stenographer to transcribe his notes and to prepare the transcript of the evidence in all civil or criminal cases that the court may order or when requested by any interested party, but that such interested party, once the order has been issued or the request made, shall deposit in the office of the clerk the amount of the fees of the stenographer in accordance with the schedule.

The whole amount ordered to be deposited as stenographer's fees is not to be delivered to such officer if there is any objection from the appellants, but only such part thereof as may be just in accordance with the law, as we held in the case of De Gracia v. Guardiola, 39 P.R.R. 799. It is sufficient if an approximate amount is fixed, unless it be shown that the same is excessive, and this the appellants failed to do in the instant case. We think it must be diffi-

cult for a stenographer to determine the exact cost of the transcript that he must prepare from his notes before the same are typewritten. Therefore, it was not proper for the petitioners to ask the stenographer to fix the amount of his fees, inasmuch as an approximate estimate thereof had already been made.

■ Nor was it proper for them to request that they be allowed to file a bond as security for the payment of such fees instead of depositing the sum estimated by the stenographer. The law provides that the stenographer is entitled to receive ten cents for each one hundred words of the transcript and not that he be furnished with a bond to secure such payment. Moreover, under the procedure that the petitioners seek to set up in this case, the stenographer might be compelled to bring suit if the appellants or their sureties should fail to make the payment. Such is not the purpose of the law.

For the reasons stated the writ issued must be discharged.